Pedro RIVERA, Plaintiff,

v.

The BROOKLYN HOSPITAL
MEDICAL CENTER,
Defendant.

No. 14 Civ. 1861 (BMC).

United States District Court,
E.D. New York.

Signed June 30, 2014.

160

Hendrick Vandamme, Vandamme Law Firm, for Plaintiff.

Barbara E. Hoey, Kelley Drye & Warren, LLP, for Defendant.

### *MEMORANDUM DECISION AND ORDER*

COGAN, District Judge.

Defendant has moved to dismiss this employment discrimination action on the ground that aside from conclusory asser-

tions of discrimination, the amended complaint alleges inadequate facts to state a plausible claim for relief. Defendant is correct and its motion is granted.

## SUMMARY OF AMENDED COMPLAINT

The amended complaint alleges three interrelated sets of circumstances that attempt to raise issues of hostile work environment, discrimination and retaliation based on plaintiff's Puerto Rican origin and age. First, plaintiff alleges that a Director of the hospital, Fred Gurken, falsely accused him of being off-premises during a non-scheduled break. Gerken ultimately fired plaintiff but he was reinstated after a hearing.

Approximately a year later, plaintiff had an altercation with another worker, who was Dominican. The co-worker called plaintiff several names in Spanish, none of which referred to plaintiff's ethnic origin or age. After first saying that he wanted to get both parties' sides of the story, Gerken instead refused to hear plaintiff's side and again fired plaintiff. Plaintiff claims that this was in retaliation for his having grieved the earlier firing. At a worker's compensation hearing about eight months later, an Administrative Law Judge determined that there was no cause to fire plaintiff and awarded him unemployment compensation.

Plaintiff also asserts that he was "bullied, ostracized and verbally harassed by his [Dominican] co-workers." He lists several insulting epithets that they used against him but only one was an ethnic slur; some unidentified co-worker called him "stupid like a Puerto Rican." Plaintiff claims that as part of this campaign of harassment, a co-worker named William Rodriguez, whose ethnicity plaintiff does not identify, challenged him to a fight. Plaintiff refused to fight and reported Rodriguez to a security guard, although he gives no indication of what he said to the security guard. The next day, he "complained to his then supervisor Mr. Kim Chang about the practices and the ongoing harassment and bullying he received from his coworkers, but the Defendant Hospital failed to take any remedial measures and the Plaintiff's complaints went unanswered." The amended complaint contains no further allegations of what plaintiff said to Mr. Chang.

Based on these allegations, plaintiff concludes:

42. The Defendant Hospital allowed and fostered the discriminatory environment so that the Plaintiff's co-workers could continue harassing the Plaintiff. It is further Plaintiff's belief that the Hospital allowed this poor behavior and favored the younger workers committing those acts since the Hospital paid them substantially less to the do the same job as the plaintiff and thus preferred younger workers to older workers. There is no other explanation for the Hospital' failure to act despite numerous complaints about such behavior by the plaintiff.

43. It is the Plaintiff's belief that Defendant Hospital fostered the hostile and discriminatory work environment in order to encourage the Plaintiff to quit and to create a basis to terminate the Plaintiff.

As factual support to this conclusion, plaintiff refers to and annexes a "Certificate of Recognition" that he had received for good work in October 2010. Based on these allegations, plaintiff asserts claims for hostile work environment, discrimination, and retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e; the Age Discrimination in Employment Act of 1967 (Pub.L.90–202), 29

U.S.C. § 621 et seq., and corresponding provisions of state and local law.

## DISCUSSION

*Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), require a plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level. A Complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music Entm't,* 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955); *see also Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (same).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. To apply that standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* If the court can infer no more than "the mere possibility of misconduct" from the factual averments—in other words, if the well-pleaded allegations of the Complaint have not "nudged claims across the line from conceivable to plausible," dismissal is appropriate. *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955; *Starr,* 592 F.3d at 321 (quoting *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937). The "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955; *see also Brown v. Daikin America, Inc.,* No. 12–2955–cv, 756 F.3d 219, 228 n. 10, 2014 WL 2895974, at *5 n. 10 (2d Cir. Jun. 27, 2014).

Plaintiff's ethnic origin claims come nowhere near meeting this standard. As to his hostile work environment claim, he conclusorily alleges that his Dominican co-workers were mean to him and he believes it was based on his Puerto Rican origin. But despite the number of insults to which he refers, he alleges only one instance in which a co-worker referred to his ethnicity. Moreover, the amended complaint contains no allegation that plaintiff ever reported his belief that he was discriminated against based on his ethnic origin to management. He alleges that he did complain about the way the way he was treated by his co-workers, but there is no allegation that his complaint to management had any ethnic component. Although there is no requirement that plaintiff plead the substance of his complaint to management *in hac verba,* the absence of any substance here is telling since plaintiff, of course, knows exactly what he said to management in his generally referenced complaints. In addition, this deficiency was pointed out to him in his original complaint, and his amended complaint added no further detail.

This is important because an employer has no obligation to insure a pleasant work environment, nor to act on any employee complaint of unfairness or derogatory treatment by co-workers. An employer only has an obligation to prevent harassment based on ethnic origin or other protected categories. "Title VII does not establish a 'general civility code' for the American workplace. Simple teasing, offhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment." *Petrosino v. Bell Atlantic,* 385 F.3d 210, 223 (2d Cir.2004) (citation omitted). Thus, an employer may deliberately tolerate an abusive working environment; it may even create and fos-

ter such an environment. There is nothing actionable about a place of employment having a "kill or be killed" atmosphere unless the employer's purpose, or co-employees' purpose when not reasonably prevented by the employer, is motivated by prohibited considerations under federal employment law. The labor market place, not federal employment law, is charged with remedying non-actionable abusive workplaces to the extent possible by attracting better employees to more satisfying places to work.

Plaintiff's amended complaint contains no allegations tending to show that defendant had a discriminatory motive based on his ethnic origin. It alleges that he was treated badly by his co-employees through name calling and that he complained about that treatment to his employer. There is only one remark that referenced his ethnic origin in the entirety of his hostile work environment allegations; that is the classic "stray remark" which, standing alone, will not support a discrimination or hostile work environment claim. *See Henry v. Wyeth Pharmaceuticals, Inc.*, 616 F.3d 134, 149 (2d Cir.2010).[1] Plaintiff has not only failed to allege a plausible hostile work environment claim; his allegations make such a claim, to the extent it is based on ethnicity, hardly conceivable.

■ Plaintiff's discrimination and retaliation claims, to the extent they are based on ethnic origin discrimination, have even less substance. The complaint does not contain facts that could support a conclusion that plaintiff was fired because of his national origin or because he complained about co-workers' insult to his ethnicity. Rather, it alleges that Gurken acted arbi-

trarily and capriciously in firing plaintiff for taking an unauthorized break, and when that failed, Gurken compounded the arbitrariness out of spite by refusing to hear plaintiff's side in his altercation with another employee. None of that has anything to do with ethnic discrimination.

■ Plaintiff's age discrimination claims are not, at least, logically inconsistent, but they too fail. Those claims are based on two alleged facts—that plaintiff is paid more than others because of his seniority even though he does the same job as less senior workers, and that until his troubles, he was praised for his good work. From those facts, plaintiff reasons that he must have been fired because of his age. I suppose that is conceivable, but standing alone, it is not enough to be plausible. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). Ultimately, where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[.]" *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. Plaintiff is on the wrong side of the plausibility line even with regard to his age discrimination claims.

Plaintiff has not requested leave to amend and the Court will not grant it *sua sponte* because it had previously pointed

---

1. Although such a characterization is usually applied at the summary judgment stage, the absence of any allegations supporting a claim of ethnically hostile work environment deliberately fostered or recklessly tolerated by the employer makes that characterization appropriate here. *See De La Peña v. Metro. Life Ins. Co.*, 953 F.Supp.2d 393, 413, 416 (E.D.N.Y. 2013).

out to plaintiff the inadequacies in the original complaint; plaintiff then filed the amended complaint that is the subject of defendant's motion. *See Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 76 (2d Cir.1998); *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1132 (2d Cir. 1994); *Advanced Marine Tech., Inc. v. Burnham Securities, Inc.,* 16 F.Supp.2d 375, 384 (S.D.N.Y.1998).

## CONCLUSION

Defendant's motion to dismiss [8] is granted as to plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over his state and local law claims since the federal claims are being dismissed at an early stage and all relevant considerations weigh in favor of dismissing those claims without prejudice. *See* 28 U.S.C. § 1367(c). The Clerk is directed to enter judgment dismissing the amended complaint with prejudice to the extent it raises claims under federal law and without prejudice as to plaintiff's state and local law claims.

**SO ORDERED.**